**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO**.   25-mj-8338 WM

**UNITED STATES OF AMERICA**

**v.**

**PEDRO GARAY-MORALES,**

_____**Defendant.**_____/

FILED BY____SW____D.C.

*Jun 24, 2025*

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

**CRIMINAL COVER SHEET**

1.  Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Mills Maynard)?     NO

2.  Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?    NO

3.  Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?  NO

4.  Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   NO

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

By:   *Shannon O'Shea Darsch*
SHANNON O'SHEA DARSCH
Assistant United States Attorney
Florida Bar No. 68566
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel: (561) 209-1027
Shannon.darsch@usdoj.gov

AO 91 (Rev. 08/09)   Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) |
| Pedro Garay-Morales, | ) |
| | ) |
| | ) |

Case No.   25-mj-8338 WM

*Defendant(s)*

FILED BY _____SW_____ D.C.

**Jun 24, 2025**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ____June 21, 2025____ in the county of ____Palm Beach____ in the ____Southern____ District of ____Florida____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8 U.S.C. § 1326(a) | Illegal re-entry into the United States after deportation or removal |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

DO Andy Korzen, ICE
*Printed name and title*

Sworn and Attested to me by Applicant by Telephone (FaceTime) pursuant to Fed. R. Crim. P. 4(d) and 4.1

Date:   June 24, 2025

_____
*Judge's signature*

City and state:        West Palm Beach, FL          Hon. William Matthewman, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT**
**OF**
**ANDY KORZEN**
**UNITED STATES DEPARTMENT OF HOMELAND SECURITY**
**IMMIGRATION AND CUSTOMS ENFORCEMENT**

I, Andy Korzen, being duly sworn, depose and state as follows:

1.      I am a Deportation Officer with the Immigration and Customs Enforcement (ICE) and have been so employed for over twenty-one years. I am currently assigned to the ICE Enforcement and Removal Operations, West Palm Beach, Florida. My duties and responsibilities include enforcing criminal and administrative immigration laws of the United States. I have also conducted and participated in investigations of this nature.

2.      This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to believe that Pedro GARAY-MORALES, also known as Bayardo MORALES, committed the offense of illegal re-entry after removal, in violation of Title 8, United States Code, Section 1326(a).

3.      On or about June 21, 2025, Pedro GARAY-MORALES was arrested in Palm Beach County, Florida on charge of domestic battery. He was booked and detained at the Palm Beach County Jail.

4.      A review of the immigration records shows that Pedro GARAY-MORALES is a native and citizen of Mexico. Records further show that on or about May 20, 2009, Pedro GARAY-MORALES was ordered removed from the United States. The Order of Removal was executed on or about May 21, 2009, whereby Pedro GARAY-MORALES was removed from the United States and returned to Mexico.

1

5.      Pedro GARAY-MORALES's fingerprints taken in connection with his June 21, 2025, arrest in Palm Beach County were scanned into the IAFIS system. Results confirmed that scanned fingerprints belong to the individual who was previously removed from the United States, that is Pedro GARAY-MORALES.

6.      A record check was performed in the Computer Linked Application Informational Management System to determine if Pedro GARAY-MORALES filed an application for permission to reapply for admission into the United States after deportation or removal. After a search was performed in that database system, no record was found to exist indicating that Pedro GARAY-MORALES obtained consent from the Attorney General of the United States or from the Secretary of Homeland Security, for re-admission into the United States as required by law.

7.      Based on the foregoing, I submit that probable cause exists to believe that, on or about June 21, 2025, Pedro GARAY-MORALES, an alien who has previously been deported and removed from the United States, was found in the United States without having received the express consent from the Attorney General or the Secretary of the Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Section 1326(a).

_____
Andy Korzen
Deportation Officer
Immigration and Customs Enforcement


Sworn and Attested to me by Applicant by Telephone (Facetime) pursuant to Fed. R. Crim. P. 4(d) and 4.1 this __24th__ day of June 2025.



_____
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE


2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

<u>PENALTY SHEET</u>

**Defendant's Name**: <u>Pedro Garay-Morales</u>

**Case No**: _____

Count #: 1

<u>Illegal re-entry into the United States after deportation or removal</u>

<u>Title 8, United States Code, Section 1326(a)</u>

* **Max. Term of Imprisonment**:   up to 2 years
* **Mandatory Min. Term of Imprisonment (if applicable):** n/a
* **Max. Supervised Release:** up to 1 year
* **Max. Fine:** up to $250,000
* **Special Assessment:** $100 upon conviction

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**